UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
D'ANTHONY JAMISON,

                          Plaintiff,                     **SECOND AMENDED COMPLAINT**

            -against-                    17 CV 1764 (LTS) (RLE)

                                                    Jury Trial

DET. NATHAN CAVADA,

                          Defendant.
-------------------------------------------------------------------X

        Plaintiff D'ANTHONY JAMISON by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as secured by the United States Constitution.

## JURISDICTION

        2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, and Fourteenth Amendments to the United States and New York Constitutions.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

        4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

**PARTIES**

5. Plaintiff is a citizen of the United States, and at all relevant times was a resident of the County of New York, City and State of New York.

6. Defendant Cavada is currently a NYPD detective but was an officer who acted under the color of state law and is sued in his individual and official capacities.

**FACTS**

7. Plaintiff is currently working as a NYC employee. Prior to that, plaintiff worked as a substance abuse counselor.

8. On April 1, 2014, at approximately 2 p.m., plaintiff was on his way to his mother's house in Brooklyn.

9. Plaintiff took the L train at the 14th street station in Manhattan towards Brooklyn.

10. Defendant Cavada was followed plaintiff on the L train.

11. Plaintiff did not know Cavada until after a few stops, when Cavada directed plaintiff to exit the train.

12. When plaintiff inquired why he was being directed off the train, Cavada stated that plaintiff "was holding the car doors open and causing delays."

13. When plaintiff got off the train, Cavada demanded that plaintiff show his identification without any cause to believe that plaintiff had committed a crime.

14. After plaintiff gave his identification, Cavada stated that there was a warrant out for plaintiff's arrest and then proceeded to tightly handcuff plaintiff.

15. Cavada then hit plaintiff on the head a few times and took him to the other

side of the train platform to get on a train heading towards Manhattan.

16. Plaintiff was taken to a precinct in Manhattan and then falsely charged with possession of a stolen property.

17. Plaintiff spent three (3) days in jail before he was able to post bail.

18. On April 4, 2014, upon being released from jail, plaintiff went back to the precinct to retrieve his identification from Cavada.

19. However, this time Cavada arrested plaintiff again and this time falsely claiming that plaintiff possessed a controlled substance and an metrocard on March 10, 2014.

20. Plaintiff was released after serving 24 hours in custody.

21. On April 7, 2014, plaintiff made a criminal court appearance for an unrelated criminal charge ("other charge").

22. The DA's office requested that the Court revoke plaintiff's bail because he had been "arrested twice" since his release on the other charge.

23. Based on these two false arrests and fabrication of evidence by Cavada, plaintiff was remanded on the other charge.

24. The charges against plaintiff arising from the April 1 and April 4, 2014 arrests were dismissed in February 2015.

## AS AND FOR THE FIRST CAUSE OF ACTION
(Unlawful Seizure/False Arrest and Malicious Prosecution)

25. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

26. Plaintiff was stopped, frisked, seized and arrested without probable cause.

27. Plaintiff suffered injuries when Defendant Cavada tightened the handcuffs placed on plaintiff on April 1 and April 4, 2014 and when Cavada assaulted him on April 1, 2014.

28. Plaintiff was held without just cause and did not consent to the confinement. Plaintiff was unnecessarily strip-searched even though the charges did not warrant a strip-search.

29. Plaintiff spent over 3 days in jail for the April 1 arrest and 24 hours in jail for the April 4 arrest and was aware of his confinement.

30. Defendant Cavada drafted a criminal court complaint which contained false charges and facts.

31. The complaint was then forwarded to the District Attorney's Office who initiated prosecution against plaintiff.

32. Defendant Cavada aware that there was no probable cause to seize plaintiff let alone initiate criminal proceedings against him. Therefore, he acted with malice.

33. In addition, Defendant Cavada failed to make an attempt to retract the false charges based on fabricated facts and this inevitably led to the continued prosecution of plaintiff. His actions constituted malicious prosecution because he knowingly filed false and unsubstantiated charges against Plaintiff, failed to drop them, or inform the District Attorney's office of the falsity of the charges and instead pursued the charges knowing full well that the charges were not only false but trumped up, and fabricated by him. In addition, Defendant Cavada failed to show up for court hearings and unnecessarily prolonged plaintiff's liberty.

34. The criminal proceedings terminated in plaintiff's favor when the charges against him were dismissed in February 2015.

35. As a result of the aforementioned conduct of Defendant Cavada, Plaintiff's constitutional right to be free from unlawful seizure, assault, false arrests and malicious prosecution were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Denial of Right to Fair Trial)

36. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

37. Defendant Cavada then falsely arrested plaintiff on April 1, 2014 and then falsely arrested him again on April 4, 2014 when plaintiff went to the precinct (after spent three days in jail) to retrieve his property.

38. Defendant Cavada knew that plaintiff had not committed the crimes for the April 1 and April 4 arrests but yet fabricated charges against him based on false evidence. The false fabricated charge denied plaintiff the right to a fair trial or a hearing at the arraignment and during repeated court appearances. Plaintiff was forced to appear in Court because of the false charges and his failure to appear would have resulted in a warrant issued for his arrest.

39. The false statements by Defendant Cavada restricted plaintiff freedom of movement until the criminal charges were thrown out in February 2015 because the false statements were forwarded to the District Attorney's Office which caused plaintiff to be prosecuted.

40. But for the false charges, that snared plaintiff for over a year since his seizure, plaintiff would not have endured numerous court appearances and suffer a deprivation of his rights under the First, Fourth, Sixth and Fourteenth Amendments to the U.S. Constitution.

41. In addition, because of the false and fabricated charges by Defendant Cavada, plaintiff's bail on the other charge was revoked and he was remanded until trial.

42. As a result of Defendant Cavada's conduct, plaintiff was deprived of procedural and substantive due process rights and he suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for plaintiff against Defendant Cavada or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 29, 2017

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805
By:/sRobert Blossner
    Robert Blossner, Esq. (RB0526)