```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| Jamison, | |
|                             Plaintiff, | |
|        -against- | |
| Cavada, | |
|                            Defendant. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/12/2018

1:17-cv-01764 (LTS) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is Plaintiff's Letter Motion for discovery sanctions that was filed on September 5, 2018. (Pl.'s Letter Motion, ECF No. 43.) For the reasons set forth below, the Court DENIES the Letter Motion for sanctions, but awards the relief set forth below.

**BACKGROUND**

Plaintiff raised two issues in his Letter Motion for sanctions, only one of which is ripe for determination—*i.e.*, the failure of the Defendant, Det. Nathan Cavada ("Defendant" or "Cavada"), to disclose in interrogatory responses the identity of a witness named Detective Larson ("Larson")[1] in prior responses to interrogatories.[2] (*Id*. at 1-2.) In opposition to the Letter Motion, Defendant timely filed a letter, dated September 10, 2018,[3] arguing that Plaintiff's

---

[1] Plaintiff in his submissions spells the detective's name as "Larsen," but Defendant spells the name as "Larson." The Court adopts Defendant's spelling for purposes of this Opinion and Order.

[2] The second issue involves defense counsel's purported instructions to Cavada not to answer certain hypothetical questions at his deposition. However, the transcript of that deposition has not yet been received or presented to the Court for a ruling. (*See id*. at 1.)

[3] On September 10, 2018, Plaintiff filed a letter stating that Defendant had failed to respond to Plaintiff's Letter Motion. (ECF No. 44.) However, pursuant to the Court's Individual Rules, the Defendant's response was not due until September 10, and the Defendant timely filed his response on September 10.

counsel was aware, or should have been aware, of Detective Larson's name since February 13, 2018, when Cavada's memo book, which mentions Larson's name, was produced. (Def.'s Letter Resp., ECF No. 45, at 2.) Nevertheless, Defendant agreed to produce Larson for a deposition. (*Id.* at 4.) Plaintiff belatedly filed a reply on September 12, 2018,[4] in which he asks the Court to "either strik[e] defendant's pleadings," or "allow[] an adverse/missing witness document charge." (Pl.'s Reply, ECF No. 46.)

## DISCUSSION

**I.** **Legal Standards**

Plaintiff seeks sanctions under Rule 37 of the Federal Rules of Civil Procedure. (Letter Motion at 2.) Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>   (B) may inform the jury of the party's failure; and
>
>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed. R. Civ. P. 37(c)(1). "[T]he imposition of sanctions under this rule is discretionary, and preclusion is not generally ordered." *Atkins v. Cnty. of Orange*, 372 F. Supp. 2d 377, 396 (S.D.N.Y.

---

[4] Pursuant to the Court's Individual Rules, the reply was due to be filed on September 11, 2018.

2

2005), *aff'd on other grounds sub nom. Bellotto v. Cnty. of Orange*, 248 F. App'x 232 (2d Cir. 2007) (citation omitted).

II.     **Application**

In its discretion, the Court denies Plaintiff's motion for sanctions. Defendant has easily met its burden of showing that his failure to disclose Larson's name in interrogatory responses was harmless. Larson's name was identified in a document produced to Plaintiff in February 2018. Further, it was Plaintiff who admittedly delayed in taking Cavada's deposition (where Larson's involvement was further disclosed) until after the discovery deadline had passed, which required the Court's permission to take that deposition after the deadline. (*See* Memo Endorsement, ECF No. 40.)

Any possible prejudice to Plaintiff by the failure to disclose Larson's name in interrogatory responses will be remedied by the Court's permitting Plaintiff to take Larson's deposition (with any relevant documents of Larson having been produced in advance), notwithstanding the fact that the discovery deadline has passed. In seeking to dissuade the Court from ordering Larson's deposition as a way to remedy any prejudice for the failure to disclose Larson's name, Plaintiff's counsel asserts that it is "too late in the discovery process" to hold Larson's deposition. (Pl.'s Reply at 2 n.1.) But, again, the delays in the discovery process were caused by Plaintiff's counsel himself. Plaintiff's counsel also asserts that Larson and Cavada will "'get on the same page' to sabotage plaintiff's claims including the one about fabricating and falsifying evidence." (*Id*.) The Court finds that this conjecture by Plaintiff's counsel does not provide a basis to impose sanctions in lieu of holding Larson's deposition. Larson will be testifying under oath at his deposition, and

3

Plaintiff will be able to inquire about any prior communications between Larson and Cavada regarding the allegations in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Letter Motion for sanctions is DENIED. However, it is hereby Ordered that:

1) The Corporation Counsel of the City of New York shall produce to Plaintiff's counsel no later than September 28, 2018, any relevant documents in the possession, custody or control of Larson; and

2) As agreed by defense counsel, Larson shall be made available for a three-hour deposition by Plaintiff during the period October 2 to October 12, 2018.[5]

**SO ORDERED.**

DATED:	New York, New York
	September 12, 2018

_____
STEWART D. AARON
United States Magistrate Judge

---

[5] The Defendant in his September 10 letter asks for a second adjournment of the summary judgment briefing schedule due to the "overlap" of Larson's deposition with the briefing schedule (Def.'s Letter Response at 4-5), which Plaintiff opposes. (Pl.'s Reply at 2.) Although any modification of the summary judgment briefing schedule must be sought from District Judge Swain, this Court sees no need to adjust the summary judgment briefing schedule to account for Larson's deposition. If the Defendant has any need to submit testimony from Larson as part of his summary judgment motion, he can do so by affidavit or declaration, such that Larson's deposition need not be taken prior to the deadline for Defendant to file his summary judgment motion.