UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

D'ANTHONY JAMISON,

       Plaintiff,

  -v-                                                  No. 17-CV-1764-LTS-SDA

DET. NATHAN CAVADA,

       Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

       Before the Court is Defendant's motion for reconsideration (docket entry no. 80) of the portion of the Court's December 5, 2019, Memorandum Order ("December Order," docket entry no. 69) that denied Defendant's motion for summary judgment as to Plaintiff's denial of the right to a fair trial claim. Defendant also seeks clarification as to the scope of the Court's ruling on Plaintiff's April 1, 2014, false arrest claim. The Court has considered the parties' submissions carefully and, for the following reasons, grants Defendant's motion for reconsideration and clarifies that recovery on Plaintiff's April 1, 2014, false arrest claim is limited to the conduct before Detective Cavada discovered Mr. Jamison's outstanding arrest warrant.

Reconsideration of Plaintiff's Right to a Fair Trial Claim

       A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interest of finality

and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted).  To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).  Defendant moves for reconsideration pursuant to Local Rule 6.3, which is "intended to ensure the finality of decisions and to prevent the practice of a losing party plugging the gaps of a lost motion with additional matters." Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (internal citations omitted).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)

  Defendant asserts that the Court erred in denying his motion for summary judgment as to Plaintiff's denial of the right to a fair trial claim "since it overlooked the fact that the underlying criminal prosecution was not favorably resolved and, accordingly, there can be no denial of the right to a fair trial claim."  (Docket Entry No. 82 at 5.)  In support of this proposition, Defendant cites McDonough v. Smith, 139 S. Ct. 2149 (2019), which, he asserts, held that "a denial of the right to a fair trial claim requires that the underlying criminal proceeding resolve in the plaintiff's favor in order to be actionable."  (Id. at 1.)

  The Court notes that, while McDonough was decided after Defendant's motion for summary judgment was fully briefed, Defendant failed to file a notice of supplemental authority or otherwise bring the decision to the Court's attention during the nearly six-month

period between the publication of McDonough and this Court's issuance of the December Order. Having reviewed the McDonough decision, the Court agrees that reconsideration of the December Order's disposition of Plaintiff's denial of the right to a fair trial claim is warranted by a change in controlling authority and that McDonough compels dismissal of that claim for substantially the reasons underlying the Court's dismissal of Plaintiff's malicious prosecution claim.

McDonough, resolving a circuit split, holds that a plaintiff "[cannot] bring his bring his fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution." 139 S. Ct. at 2154, 2156. Thus, in order to proceed with his denial of a right to a fair trial claim based on fabricated evidence, Plaintiff must be able to show that the proceedings terminated in his favor. "[P]roceedings are terminated in favor of the accused only when their final disposition is such as to indicate the accused is not guilty[;]" a plaintiff must demonstrate "affirmative indications of innocence to establish 'favorable termination.'" Lanning v. City of Glens Falls, 908 F.3d 19, 23, 25-26, 29 (2d Cir. 2018) (internal quotation marks omitted). As the Court concluded in the December Order, because a dismissal on speedy trial grounds does not affirmatively indicate that Plaintiff was innocent of the charges, Plaintiff cannot demonstrate that the proceedings were terminated in his favor. Thus, McDonough compels the conclusion that Plaintiff "[cannot] bring his fabricated-evidence claim under § 1983." 139 S. Ct. at 2156. Accordingly, Defendant's motion for reconsideration is granted and, upon reconsideration, summary judgment of Plaintiff's denial of the right to a fair trial claim is granted.

Clarification of Scope of Plaintiff's April 1, 2014, False Arrest Claim

Defendant requests "clarification of the portion of the Memorandum Order pertaining to the false arrest claim stemming from Plaintiff's April 1, 2014 arrest – specifically,

the detention time attributable thereto." (Docket Entry No. 82 at 6.) Defendant contends that "Plaintiff's damages in this matter should be limited solely to the period of detainment between the initial stop and the discovery of the open arrest warrants." (Id.) Plaintiff disputes this position and asserts, without citation to evidence, that "the existence of a warrant for plaintiff is disputed." (Docket Entry No. 86 at 4.)

        Defendant has proffered evidence, which Plaintiff has not genuinely disputed, that Mr. Jamison had an outstanding warrant at the time of his April 1, 2014, arrest. (Docket Entry No. 87 at 5) (citing Declaration of Evan F. Jaffe in Support of Defendant's Motion for Summary Judgment, Docket Entry No. 51, Ex. F). Once Defendant discovered Plaintiff's outstanding warrant, Defendant "had the right to arrest the plaintiff." Galarza v. Monti, 327 F. Supp. 3d 594, 603 (S.D.N.Y. 2018). Thus, because the fruit of the poisonous tree doctrine "is not available to assist a § 1983 claimant," the intervening probable cause defeats Plaintiff's claim for damages after Defendant discovered Plaintiff's outstanding arrest warrant. See Townes v. City of New York, 176 F.3d 138, 149 (2d Cir. 1999) (finding plaintiff's damage claim for false arrest limited to "the brief invasion of privacy related to the seizure and initial search of his person" where defendants subsequently obtained probable cause to arrest "upon discovery of the handguns in the passenger compartment of the taxicab in which he was riding"). Therefore, Plaintiff may only recover damages for the conduct that preceded Defendant's discovery of Plaintiff's outstanding arrest warrant.

Plaintiff's Request for Reconsideration

        In his opposition to Defendant's motion for reconsideration, Plaintiff asserts that the Court "should reconsider its decision dismissing plaintiff's malicious prosecution claim." (Docket Entry No. 86 at 4.) Plaintiff's request fails to comply with the requirements for motion

papers set forth in Local Civil Rule 7.1.  Even if Plaintiff's request was properly submitted, it is untimely: Local Civil Rule 6.3 requires motions for reconsideration to be filed within 14 days after the entry of the Court's determination of the original motion.  Plaintiff's request for reconsideration comes more than two months after the Court decided Defendant's motion for summary judgment and Plaintiff has not proffered any explanation for his delay.  Accordingly, Plaintiff's request for reconsideration of the Court's December Order (to the extent that it dismissed Plaintiff's malicious prosecution claim) is denied.

This case remains referred to Magistrate Judge Aaron for general pretrial management.  The parties are directed to contact Judge Aaron's chambers by **Wednesday, June 17, 2020**, to schedule a settlement conference.  (Docket Entry No. 78.)

This Memorandum Order resolves Docket Entry No. 80.

SO ORDERED.

Dated: New York, New York
June 10, 2020

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge